# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SALVADOR GARIBO GUERRA, 95693-011 : | |
| Petitioner : | Civil Action No. PJM-10-1155 |
| | Criminal Action No. PJM-01-533 |
| v. : | |
| UNITED STATES OF AMERICA : | |
| Respondent : | |

. . . . . . . . . . . .o0o. . . . . . . . . . .

## MEMORANDUM OPINION

Salvador Garibo Guerra, a federal prisoner, petitions for a Writ of Audita Querela under the All Writs Act, 28 U.S.C. §1651, to "dismiss the rest of his conviction or remand for resentencing on any equitable remedies." For the reasons that follow, the Court will deny the Petition.

I. Background

Guerra is serving a 235 month term of incarceration for conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. On November 16, 2006, Guerra filed a Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C § 2255. The Motion was dismissed as time-barred on January 30, 2007. In the instant Petition, Guerra seeks to challenge his sentence pursuant to rulings announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 524 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and their progeny.

II. Discussion

The Writ of Error Audita Querela is not available to challenge a sentence where the claims presented may be raised pursuant to 28 U.S.C. § 2255. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985) that " '[t]he All Writs Act is a residual source of authority to issue writs that are not

otherwise covered by statute.'" and " '[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'"); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 679 (9th Cir. 2001) (courts have limited Audita Querela to instances in which there are gaps in the framework of federal post-conviction relief for which no other remedy is available). Guerra's challenges to his sentence are cognizable under §2255, and there is no "gap" in available federal post-conviction remedies.

A Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is the presumptive means for a federal inmate to collaterally attack his sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). The fact that a § 2255 Motion is time-barred does not create a "gap" to warrant extraordinary relief afforded under Audita Querela. *See Valdez-Pacheco*, 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."). Petitioner's reliance on the residual authority of the All Writs Act is unnecessary and improper. Lastly, *Booker* is not retroactive, and does not apply to federal collateral proceedings where the conviction became final before *Booker* was decided. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).

III. Conclusion

For these reasons, the Petition will be denied. An Order consistent with this Memorandum Opinion follows.

/s/
PETER J. MESSITTE
May 24, 2010    UNITED STATES DISTRICT JUDGE